UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTIAN TAYLOR MILLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23CV907-PPS/APR |
| ELKHART GENERAL HOSPITAL, | |
| Defendant. | |

OPINION AND ORDER

Christian Taylor Miller, a prisoner without a lawyer, filed a complaint against Elkhart General Hospital alleging he received inadequate care when he was suicidal in June 2023. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). For a federal court to hear a case with only state-law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that there is

complete diversity of citizenship between Miller and all defendants. *See* 28 U.S.C. § 1332.

Miller does not allege either his citizenship or the hospital's citizenship. Corporations are deemed to be citizens of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, the defendant appears to be a citizen of Indiana.

For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996). However, when determining a prisoner's citizenship, "since domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile; hence the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison." *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). "Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run. It is possible to reside in one state while planning to return to a long-term residence in another state." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

As the proponent of federal jurisdiction, Miller bears the burden of demonstrating the basis for federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441

F.3d 536, 540 (7th Cir. 2006). I cannot determine Miller's citizenship based on the complaint.

ACCORDINGLY, the court:

(1) ORDERS Christian Taylor Miller to file supplemental briefing to clarify his citizenship by **November 10, 2023**; and

(2) CAUTIONS Christian Taylor Miller that, if he does not respond by the deadline, this case will be dismissed without further notice for lack of subject matter jurisdiction.

SO ORDERED on October 13, 2023.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT